IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CRISTINA RIVERA NERIA,

          Plaintiff,

v.

DIRECTOR, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES,

          Defendant.

8:25CV158

MEMORANDUM
AND ORDER

      Plaintiff Cristina Rivera Neria ("Rivera Neria") is a Mexican national who has resided in the United States for nearly two decades. On March 23, 2013, Rivera Neria became a victim of a domestic-violence incident in Brownsville, Texas. On December 19, 2022, she filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization ("Form 1-765") with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p). She also submitted an I-918A Petition for Qualifying Family Member on behalf of her relative, Dorian Valle Chavero, who then filed his own Form 1-765

      She eventually filed this *pro se* complaint (Filing No. 1) on February 28, 2025, claiming the USCIS has yet to adjudicate those requests in any way. In particular, she complains the USCIS has failed to issue bona fide determinations and employment authorization documents that would allow her and her relative to work while their U-visa applications are pending. *See* 8 U.S.C. § 1184(p)(6) (stating the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Rivera Neria asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C.

§ 551 *et seq.*, and asks the Court to order the USCIS to "to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." *See Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief).

Now before the Court is the USCIS Director's (the "Director") Motion to Dismiss (Filing No. 5) Rivera Neria's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). For the reasons explained in *Patel v. Director, USCIS*, 8:25CV59, Filing No. 18 (D. Neb. June 11, 2025), the Court agrees with the Director that 8 U.S.C. § 1252(a)(2)(B)(ii) bars the Court from considering Rivera Neria's claim.[1] Although her frustration is understandable, the Court lacks jurisdiction to order the Director to remedy the issues she faces. Therefore,

IT IS ORDERED:
1. The Director of United States Citizenship and Immigration Services's Motion to Strike (Filing No. 9) is denied.
2. The Director's Motion to Dismiss (Filing No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.
3. Plaintiff Cristina Rivera Neria's complaint (Filing No. 1) is dismissed without prejudice.
4. Rivera Neria's Motion for Partial Summary Judgment (Filing No. 14) is denied as moot.
5. A separate judgment will issue.

---

[1] Rivera Neria filed a late opposition (Filing No. 8) to the Director's motion to dismiss on May 7, 2025. *See* NECivR 7.1(b)(1)(B) (generally giving a party fourteen days to oppose a motion to dismiss). The Director moved to strike (Filing No. 9) that response due to Rivera Neria's failure to follow the local rules. *See* NECivR 7.1(b)(1)(B), (d)(4), (5). However, the Court considered a nearly identical response brief in ruling on the same jurisdictional issue in *Patel* (Filing No. 8 in Case No. 8:25CV59). Because those arguments have already been accounted for, the Director's motion to strike will be denied.

Dated this 11th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3